Comstock
*v.*
Smith.

</div>

## ABIJAH CHILD *versus* CALEB WELLS, JR.

A grantor conveys by deed " one half of a undivided tract of land, lying &c.   Also a tract of land, lying &c.   Also one half of undivided tract of woodland " &c., and in the same deed his wife releases " her right of dower in the undivided one half of the above premises."   *Held,* that taking the deed by itself, the whole of the second tract was conveyed ; and that parol evidence to show that the parties intended that only a moiety of it should pass, was inadmissible

WRIT of entry, wherein the demandant claimed one undivided moiety of a tract of land in Sturbridge.

At the trial, before *Putnam* J., it appeared that Abijah Child, by his deed of 1816, conveyed to his son Amasa Child, " one half of a undivided tract of land lying in Sturbridge &c. Also a tract of land lying &c. Also one half of undivided tract of woodland.&c. Also one half undivided tract or parcel of land lying &c. In witness whereof, I, the said Abijah Child, and I, Lois Child, wife to the said Abijah Child, quitting my right of dower in the undivided one half of the above premises, have hereunto set our hands " &c. The demanded premises were a moiety of the second tract described in this deed. Amasa died, and the whole of the tract was sold by his administrator for the payment of his debts. The defendant, who purchased it, was notified before his purchase, that the demandant claimed an undivided moiety of the tract.

The demandant offered to prove by the confessions of Amasa, and other evidence, that the deed was written in the manner above stated, by mistake ; and that both of the parties to it intended to have it written in such manner as to convey to Amasa only an undivided moiety of the tract in question. But, for the purpose of presenting the question to the whole Court, the Judge ruled that the evidence was not admissible.

*Newton* and *Child*, for the demandant, cited 3 Stark. Evid 1026, note 1; *Foster* v. *Woods*, 16 Mass. R. 116 ; *Dinkle* v. *Marshall*, 3 Binney, 587 ; 6 Petersdorff's Abr. 219 ; *Choate* v. *Burnham*, 7 Pick. 274 ; *Parks* v. *General Interest Ins. Co.*, 5 Pick. 34.

*J. Davis*, *C. Allen* and *G. Davis*, for the tenant, cited 3 Stark. Evid. 999, 1018, note 1 ; *Rutland's case*, 5 Co. Rep. 26 ; *Stackpole* v. *Arnold*, 11 Mass. R. 27 ; *Haynes* v. *Hare*, 1 H. Bl. 664 ; *Dwight* v. *Pomeroy*, 17 Mass. R. 303 ; *Ward* v. *Lewis*, 4 Pick. 518; *Dix* v. *Otis*, 5 Pick. 38 ; *Hovey* v. *Newton*, 7 Pick. 29 ; *Spring* v. *Lovett*, 11 Pick. 417 ; *Fitzhugh* v. *Runyon*, 8 Johns. R. 392 ; *Jackson* v. *Shearman*, 6 Johns. R. 19 ; *Jackson* v. *Hart*, 12 Johns. R. 77 ; *Jackson* v. *Croy*, ibid. 427 ; *Jackson* v. *Cary*, 16 Johns. R. 302.

SHAW C. J. delivered the opinion of the Court. The plaintiff in the present action, having by his deed in 1816, conveyed divers parcels of land, for a valuable consideration, to · his son Amasa Child, who afterwards died, and whose estate was sold

under a license, the question now is, between the plaintiff and a purchaser of one lot of the estate, what interest passed by that deed.

The deed purports to convey an undivided moiety of a tract (described,) also one other tract of land (described,) also an undivided moiety of a third and fourth tracts (described.) The controversy is in regard to the second parcel only. The argument presents two questions ; 1. Whether by a fair construction of the deed, the whole or a moiety of the second parcel was conveyed. If the whole, then 2. Whether parol evidence is admissible to show, that a mistake was made in drawing the deed, and that it was intended by the parties, that the deed should be so drawn, as to convey a moiety only of the second parcel.

Where a deed contains a description of a moiety of one tract of land, and then goes on to describe another parcel, beginning with the word " also," this affords some ground to infer that the force and effect of this word was intended to extend to the word moiety, as a qualification of the other descriptive words, and if there were nothing to control it,, and such construction should appear consistent with the general intent of the deed, it might be reasonable to adopt it. This construction would be a little helped, if it should be, " also one *other* tract," the word " other," indicating some connection between the first and second parcels. But in the deed under consideration, there are two other parcels, the descriptions of which, in both cases, begin like the first, with the words " one half of undivided tract " &c. Taking the whole together then, it conveys to the grantee and his assigns, 1. One half of a undivided tract of land lying &c. 2. Also a tract of land lying &c. 3. Also one half of undivided tract of woodland &c. 4. Also one half undivided tract or parcel of land lying &c.

The writer of the deed was obviously illiterate and unskilful ; but making every allowance for this, it is impossible, we think, to put any construction upon the language, which will limit the conveyance of the second parcel to a moiety. We are of opinon that the whole of the second parcel passed by this deed.

The other question is one of more difficulty, as it involves the application of the rule of law, by which parol evidence is,

Child
*v.*
Wells.

Child
*v.*
Wells.

under various circumstances, admitted or rejected. We must assume, having first settled the construction of the instrument, that it was the intent of the parties, — as manifested by their deed, a deed executed and delivered, with all the formalities and precautions required for that purpose, by one party, and accepted by the other, — that the whole of the tract in controversy should pass. The tendency and the object of the evidence offered would be, to show, from the negotiations and conversations of the parties, and from the bargain fairly made by them preparatory to drawing the deed, that it was not the intent of the parties, that the whole of this tract should pass, but a half only. This evidence would be wholly useless and irrelevant, if it did not lead to the conclusion, that the deed is to be carried into effect, not according to the intent thus expressed in it, but according to an intent thus proved by parol evidence. It is not only repugnant to the deed, and tends to control it and alter its effect, but it is offered because it is repugnant, and because in point of law, as the plaintiff contends, it ought to control and change the operation of the deed, so that it shall pass a moiety only, when it is conceded, that without the aid of such evidence, it would pass the whole. We think the admission of this evidence under these circumstances and for this purpose, would be contrary to the statute of frauds, (*Stat.* 1783, *c.* 37, § 1, 2,) which requires, not only that all conveyances of real estate shall be by deed, but also that all contracts and agreements for the sale of lands, or any interest therein, shall be in writing; and it would be alike a violation of the rule of the common law, which rejects parol evidence when offered to contradict, restrain or control the terms or the legal effect of a deed, or other instrument in writing. We have been unable to distinguish this, from the recent case of *Locke* v. *Whiting*, 10 Pick. 279, where similar evidence was held to be inadmissible.*

*Demandant nonsuit.*

---

* See also *Miller* v. *Travers*, 8 Bing. 244, and *Lincoln* v. *Avery*, 1 Fairfield, 418.